(137 So. 848)

## SUCCESSION OF THOMPSON v. SCHIRO.

### No. 31031.

Nov. 3, 1931.

McCloskey & Benedict and W. Sommer Benedict, all of New Orleans, for appellant.

Porteous R. Burke, of New Iberia, for appellee.

OVERTON, J.

This is a suit upon a promissory note, dated August 14, 1924, payable on demand, made by the Hoffman-Schiro Motor Car Company, Inc., to its own order, and by it indorsed in blank, in the sum of $5,000, bearing interest at the rate of 6 per cent. per annum from January 22, 1924, until paid, and indorsed by Anthony P. Schiro, Jr.

The defense is that the note, soon after its issuance, was paid by the issuance of stock of the Hoffman-Schiro Motor Car Company, Inc., to W. B. Thompson, the holder of the note, pursuant to his subscription therefor. In answer to the contention that the note, instead of being surrendered, is in the hands of Thompson's succession, it is suggested that Thompson, through inadvertence, failed to surrender it and call for the stock issued him, and that, by reason of the intimate relations existing between the officers of the company and Thompson, the former did not concern themselves particularly about the note.

The relations between Thompson and the officers of the company, including Schiro, were very friendly. Thompson took an active part in the affairs of the company. He was a member of its board of directors. It is shown by not less than three witnesses that, shortly after the note was issued, at a meeting of the

board of directors, delivery of stock, for which it had been previously agreed the note should be delivered in payment, was informally tendered to Thompson, and that Thompson, not having the note with him, preferred not to receive the stock then. The only evidence indicating a contrary state of facts are entries in Thompson's books, said to have been made, under his directions, showing the entry of the note and the interest that had accrued thereon, made long after the foregoing meeting of the directorate, and one of still later date, showing that the note was charged to profit and loss. On the other hand, it would seem that Thompson never made demand for the payment of the note, and that, when the maker of the note, the Hoffman-Schiro Motor Car Company, Inc., became insolvent and amicable liquidators were appointed to liquidate it, although Thompson was one of the liquidators, and although there were some small assets to distribute, Thompson did not produce the note to be carried on the liquidators' account to receive its pro rata, but apparently treated the note as extinguished.

Our conclusion is that the plea of payment has been established by a clear preponderance of the evidence, and therefore that the judgment appealed from should be affirmed.

The judgment is affirmed.